UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT RODRIGUEZ TREVIÑO | § | |
| BY AND THROUGH HIS NEXT FRIEND | § | |
| GLORIA TREVIÑO | § | |
|     Plaintiff | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE through BRAD LIVINGSTON in | § | |
| his official capacity as Executive Director | § | PLAINTIFF DEMANDS A JURY |
| of TDCJ, LEONARD ECHESSA, DOCTOR | § | |
| EVANS, and MEDICAL MANGER name | § | |
| unknown in their individual capacity | § | |
|     Defendants | § | |

## COMPLAINT WITH JURY DEMAND

Plaintiff Robert Rodriguez Treviño by and through his next friend, Gloria Treviño files, this complaint against the Texas Department of Criminal Justice through Brad Livingston in his official capacity as Executive Director of the TDCJ, Leonard Echessa, Doctor Evans and Medical Manger, name unknown, in their individual capacities.

I.    PARTIES

    A.    Plaintiff is Robert Rodriguez Treviño ("Treviño"), is a prisoner in the Texas Department of Criminal Justice Correctional Unit Division and currently resides at the Carol S. Young Medical Facility in Dickinson, Galveston County, Texas. Gloria Treviño is the sister of Treviño who is acting under a power of attorney and is requesting that she be appointed as next friend for Treviño.

    B.    Defendant is Brad Livingston is the Executive Director of the Texas Department of

**COMPLAINT WITH JURY DEMAND Page 1**

        Criminal Justice, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701..

C.    Defendant Leonard Echessa is the former senior warden of Jester Unit IV of the Texas Department of Criminal Justice, Correctional Unit Division and now is the Regional Director of Region III of the Correctional Institutions Division, 400 Darrington Road, Rosharon, TX 77583.

D.    Dr. Evans was the Doctor in charge of medical treatment at the Jester Unit IV while Plaintiff was there.

E.    Medical Manager, name unknown, Jester Unit IV of the Texas Department of Criminal Justice,

## II. VENUE

Venue is proper under 28 U.S. CODE § 1391(b) because Treviño is currently a resident in a facility located in Galveston County, Texas, which lies withing the United States District Court for the Southern District of Texas, Galveston Division.

## III. JURISDICTION

Jurisdiction is proper under 28 U.S.C. §1331 because this is a civil action which arises under 42 U.S.C. §1983.

## IV. STATEMENT OF BASIC FACTS

1. Robert Rodriguez Treviño is an inmate currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), and at the time of this filing resides at the Carol S. Young Medical Facility in Dickinson, Galveston County, Texas.

2. On August 25, 1995, after having pled not guilty, Petitioner was convicted by a jury in Cause

Nos. 21530CR, 21531CR, 21532CR, 21533CR, and 21534CR in the 40th District Court of Ellis. Since his conviction, he has been incarcerated in the TDJC, and has been moved about to different facilities, on of which was the Jester IV Unit of Region III of the TDCJ.

3.      Treviño is also an honorably disabled veteran of the Vietnam war and receives disability payments from the Department of Veterans Affairs.

3.       Treviño is also mentally incompetent and has been since his trial in 1995 and before, suffering from severe PTSD. In 2008 a psychiatrist diagnosed Treviño with paranoid schizophrenia in prison in 2008 and also opined that he was suffering from this mental disorder at the time of his trial.

4.      Treviño's physical health has also been in decline to the point where it currently is life threatening and he is extremely disabled physically as well as mentally.

5.      TDCJ has and had a duty to provide proper medical care to Treviño. However, despite being notified of his deteriorating physical condition and the fact that a substantial risk of serious harm existed, being on notice of facts which would allow it to draw the inference, TDCJ engaged in a course of conduct which constituted deliberate indifference to a Treviño's serious medical needs. TDJC delayed in getting Treviño necessary medical treatment so that at the time he received it, it was too late to do any good. This occurred at least while Treviño was housed at Jester Unit IV, TDCJ located in Richmond Texas. During this time, his physical condition continued to deteriorate and he had difficulty walking and feeding himself and needed to be in a wheel chair. He could not feed himself without assistance and was not being provided the assistance. His condition was observed numerous times by Gloria Treviño when she visited him. She made constant complaints to the Medical Manager, name unknown and other facility employees.

**COMPLAINT WITH JURY DEMAND Page 3**

6. Despite the constant complaints, employees at the Jester Unit IV failed to provide the necessary care in acts of conscious indifference to his medical help. In addition, Treviño was in need of an operation which the Jester Unit IV delayed in conscious indifference to his medical needs and as a result was too late to relieve the problem.

7. Defendant Brad Livingston is the executive director of the Texas Department of Criminal Justice (TDCJ). As such, Livingston is the commanding officer of all TDCJ correctional officers, guards, and TDCJ employees and contractors, and is responsible for their training, supervision, and conduct. By law, he is responsible for protecting the constitutional rights of all persons held in TDCJ custody. At all relevant times, Livingston was acting under color of law and as the agent, and, as a matter of law, the official representative of TDCJ. He is sued in his official capacity for injunctive and declaratory relief only.

8. Defendant Leonard Echessa was the senior warden of Jester Unit IV of the Texas Department of Criminal Justice, Correctional Unit Division was acting under color of law and as the agent, and, as a matter of law, the official representative of TDCJ. He is sued in his individual capacity for nominal, and punitive damages. As senior warden

9. Dr. Evans was the Doctor in charge of medical treatment at the Jester Unit IV while Plaintiff was there. Dr. Evans was acting under color of law and as the agent, and, as a matter of law, the official representative of TDCJ. He is sued in his individual capacity for nominal, and punitive damages. Reports and complaints concerning Plaintiff's treatment described above were, upon information and belief, made to him however, he exhibited conscious indifference to Plaintiff's medical need which resulted in substantial harm to Plaintiff.

10. Medical Manager, name unknown, Jester Unit IV while Plaintiff was there was acting under

**COMPLAINT WITH JURY DEMAND Page 4**

color of law and as the agent, and, as a matter of law, the official representative of TDCJ. He is sued in his individual capacity for nominal, and punitive damages. Reports and complaints concerning Plaintiff's treatment described above were, upon information and belief, made to him however, he exhibited conscious indifference to Plaintiff's medical need which resulted in substantial harm to Plaintiff.

V. VIOLATION OF 28 U.S.C. §1983

This deliberate indifference to a substantial risk of serious harm described above constitutes a violation to Treviño's civil rights under 28 U.S.C. §1983. Treviño has been seriously harmed by this violation is for his suffering, including his mental anguish, and to injunctive relief ordering the TDCJ to provide necessary medical timely treatment.

VI. DAMAGES

Treviño seeks nominal and punitive damages against Defendants Echessa, Evans and the Medical Manager who violated his rights to due process of law under the Fourteenth Amendment. 42 U.S.C. §1983          .

VI. ACTION FOR DECLARATORY RELIEF

Treviño seeks declaratory and injunctive relief against Defendant Livingston, pursuant to *Ex Parte Young* in his official capacity as executive director of TDCJ, for violations of Treviño's right to due process under the Fourteenth Amendment. 42 U.S.C. §1983.

VII. ATTORNEYS' FEES

Treviño seeks attorneys' fees and litigation costs for Defendants' violation of the Fourteenth Amendment, pursuant to 42 U.S.C. §1988.

VIII. JURY DEMAND

**COMPLAINT WITH JURY DEMAND Page 5**

Treviño demands a jury.

IX. PRAYER

A. Enter a declaratory judgment that TDCJ and Livingston, in his official capacity, acting under color of law and with legal authority, is violating Treviño'S rights under the the Fourteenth Amendment;

B. Order TDCJ and Livingston, in his official capacity, to provide Treviño proper medical care in the future.

C. Award Treviño nominal and punitive damages against Defendants Echessa, Evans and the Medical Manager pursuant to 42 U.S.C. §1983;

D. Award Treviño his attorneys' fees and costs; and,

E. Grant all other and additional relief to which Treviño may be entitled, at law or in equity.

Respectfully submitted,

/s/ John E. Richards

John E. Richards
State Bar No. 16848900
RICHARDS AND VALDEZ
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214-455-4690 (phone)
866-823-2719 (facsimile)
John.Richards@richardsvaldez.com
ATTORNEYS FOR PLAINTIFF
Plaintiff Robert Rodriguez Treviño
by his next friend, Gloria Treviño